**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

**IN RE:**

                                       **CASE NO. 08-36801-H4-7**

**RAMIRO FLORES JR.**                     **CHAPTER 7 BANKRUPTCY**
**ROSALINDA BRAVO FLORES**
                **DEBTORS**

_____

**RAMIRO FLORES JR.**
**ROSALINDA BRAVO FLORES**
                **PLAINTIFFS**

**V.**                                        **ADV. NO.**

**KELSEY-SEYBOLD MEDICAL GROUP,**
**PLLC**
                **DEFENDANT**

**COMPLAINT FOR DAMAGES FOR VIOLATION OF THE DISCHARGE INJUNCTION
PURSUANT TO § 105, AND FOR VIOLATIONS OF THE TEXAS DEBT COLLECTION
ACT OF TEXAS FINANCE CODE § 392  AND FOR ENFORCEMENT OF THE
ORDER(S), RULE(S) AND INJUNCTION(S) OF THE COURT PURSUANT TO §105
AND 28 U.S.C. § 2201**

**TO THE HONORABLE BANKRUPTCY JUDGE JEFF BOHM:**

      Plaintiffs ("Mr. and Mrs. Flores") would show the Bankruptcy Court as

follows:

**NATURE OF THE CASE**

1.    Defendant willfully violated the discharge order and injunction issued

by this Court in the above entitled and numbered bankruptcy by, among other

things, attempting to collect a prepetition claim.

2.      Defendant, in addition to the violations of the orders and injunctions of this Bankruptcy Court, may have violated other laws related to its claim in this case, including the Texas Debt Collection Act by misrepresenting that character amount or status of a debt.

## THE PARTIES AND DEFINITIONS

3.       "Mr. and Mrs. Flores" shall mean Ramiro Flores, Jr. and Rosalinda Bravo Flores, who are the individuals in the above-stated adversary proceeding and the Debtors in the above-stated discharged Chapter 7 bankruptcy.

4.      "Defendant" shall mean Kelsey-Seybold Medical Group, PLLC, who is the named Defendant in the above-stated adversary proceeding.  It is the intent of Mr. and Mrs. Flores that the Defendant be served with a copy of the Complaint, summons issued and any orders or directives of the Court pursuant to Rule 7004 of the Rules of Bankruptcy Procedure.

5.      "Bankruptcy" shall mean the Chapter 7 bankruptcy case number 08-**36801-H4-7**, referenced above, as filed by Mr. and Mrs. Flores.

6.      "Mr. Bivin" shall mean William W. Bivin, who represents or represented Mr. and Mrs. Flores in the bankruptcy.

7.      "Collection practices or devices" shall mean the attempts to collect money and/or property from Mr. and Mrs. Flores and/or the bankruptcy estate.

## JURISDICTION, CORE PROCEEDING, VENUE AND APPLICABILITY OF BAPCPA

8.      This Court has jurisdiction to consider the claims of this Complaint pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a).

2

9.     The Court has the authority to enter a final order regarding this contested matter since it constitutes a core proceeding as contemplated by 28 U.S.C. § 157(b)(2) and any related proceeding pursuant to 28 U.S.C. § 157(c)(1).

10.     This Bankruptcy Court is the proper venue for this adversary proceeding pursuant to 28 U.S.C. § 1409.

11.     Since the above-entitled and numbered Chapter 7 bankruptcy was filed on October 28, 2008, BAPCPA applies to this adversary proceeding.

**THE FACTS AND BACKGROUND (STATED IN TIMELINE FASHION AS POSSIBLE)**

12.     Before the filing of the bankruptcy Mr. and Mrs. Flores each owed Defendant for a medical bill(s).  Mr. Flores, whose account number was XXX5110, owed Defendant $617.52.  Mrs. Flores, whose account number was XXX0518 owed Defendant $279.16.  In addition to those accounts, a sum of approximately $104.00 was owed to Defendant on account number XXXX2537.  This last sum was reported on Mr. and Mrs. Flores' credit report.

13.     On October 28, 2008 Mr. and Mrs. Flores commenced the bankruptcy by the filing of a Chapter 7 petition pursuant to 11 U.S.C. § 301.  The filing of this bankruptcy petition constituted an order for relief under 11 U.S.C. § 301.

14.     The commencement of the bankruptcy created an estate that included, among other things, "all legal or equitable interests of the debtors in property as of the commencement of the case," pursuant to 11 U.S.C. § 541.

15.     Mr. and Mrs. Flores' post-discharge income or earnings are not subject for payment to Defendant for any claim, obligation or liability.

3

16.   On October 28, 2008 Mr. and Mrs. Flores filed a mailing matrix with the Bankruptcy Court that listed Defendant at its address located at P.O. Box 840311, Dallas, TX 75284-0311.

17.   On October 28, 2009 Diversified Credit System, a collection agent on behalf of Defendant, was also listed on the mailing matrix for notice purposes at its address located at P.O. Box 3424, Longview, TX 75606.

18.   On October 28, 2008 Mr. and Mrs. Flores filed bankruptcy schedules with the Bankruptcy Court.  On Schedule F Defendant was listed as a creditor who holds pre-petition unsecured nonpriority claim(s).  Diversified Credit System was also listed on Schedule F for notice purposes only as "Representing" Defendant.

19.   On October 31, 2009 the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines ("Creditor Meeting Notice") was mailed to Defendant and Diversified Credit System.   The Creditor Meeting Notice, among other things, warned, in conspicuous language, against violating the automatic stay.

20.   The pre-petition claim held by Defendant is unsecured.

21.   On February 2, 2009 the Bankruptcy Court issued an order discharging Mr. and Mrs. Flores from the bankruptcy.  The Discharge contained an injunction prohibiting collection from Mr. and Mrs. Flores of pre-petition claims.

22.   A copy of the discharge was mailed to Defendant.

23.   On May 20, 2009, Mr. Flores went to Defendant for medical treatment. He was asked by the representative of Defendant to pay Mrs. Flores' balance of $279.16.  Mr. Flores explained to Defendant's representative that he and Mrs.

4

Flores had filed bankruptcy and received a discharge.  Defendant's representative said that Defendant would document the file.  Mr. Flores then telephoned Mrs. Flores to explain what happened at Defendant's office.  Mrs. Flores then telephoned Defendant and spoke with a representative who informed her that Defendant would document that Mrs. Flores filed bankruptcy and received a discharge, but, Mrs. Flores was told, that Defendant still had the right to collect.

24.    On May 29, 2009, Mr. Flores went to Defendant for medical treatment and had an experience very similar to the one he had on May 20, 2009.  He was asked by the representative of Defendant to pay Mrs. Flores' balance of $279.16.  Mr. Flores explained to Defendant's representative that he and Mrs. Flores had filed bankruptcy and had received a discharge.  Defendant's representative said that Defendant would document the file.  Mr. Flores then telephoned Mrs. Flores to explain what happened at Defendant's office.  Mrs. Flores then telephoned Defendant and spoke with a representative who informed her that Defendant would document that Mrs. Flores filed bankruptcy and received a discharge, but, as Mrs. Flores was told again, that Defendant still had the right to collect.

25.    On June 3, 2009, Mr. Flores went to Defendant for medical treatment and had an experience very similar to the one he had on May 20, 2009 and May 29, 2009.  He was asked by the representative of Defendant to pay Mrs. Flores' balance of $279.16.  Mr. Flores explained to Defendant's representative that he and Mrs. Flores had filed bankruptcy and received a discharge.  Defendant's representative said that Defendant would document the file.  Mr. Flores then

5

telephoned Mrs. Flores to explain what happened at Defendant's office.   Mrs.

Flores then telephoned Defendant and spoke with a representative who informed

her that Defendant would document that Mrs. Flores filed bankruptcy and received

a discharge, but, as Mrs. Flores was told a third time, that Defendant still had the

right to collect.

26.    On June 9, 2009, Diversified Credit Systems ("DCS") on behalf of

Defendant, sent correspondence to Mr. Flores.   This correspondence demanded

payment of $279.16.   The account number listed by DCS was Mr. Flores' (Acct #

XXX5110) but the amount requested, $279.16, was the amount owed pre-petition

by Mrs. Flores.   In any event, Defendant, through its agent DCS, is attempting to

collect a debt from Mr. Flores that has been discharged.

27.    On July 20, 2009, Mr. Flores went to Defendant for medical treatment.

This time he was not asked to pay Mrs. Flores' balance.   Because he was not

asked to pay Mrs. Flores' balance, both he and Mrs. Flores thought the matter was

settled.   They were wrong.

28.    On October 2, 2009, Mrs. Flores received a letter from Defendant that

was dated October 9, 2009.   The letter stated that Defendant was terminating the

physician/patient relationship because of "unresolved and outstanding financial

obligations."   The letter went on to state that "[t]his dismissal decision may be

rescinded if within 30 days from the date of this letter payment in full is made to

the collection agency and proof of payment provided to Kelsey-Seybold Clinic."

29.     On October 12, 2009, Mrs. Flores spoke with a representative of Defendant named Vanessa.  Vanessa confirmed with Mrs. Flores that Defendant's records reflected that Mrs. Flores' debt was discharged.  Vanessa went on to state that Defendant was allowed to collect from her because its system showed that she still owed a balance.

30.     On October 22, 2009, Mrs. Flores again spoke with a representative of Defendant.  Defendant's representative again confirmed with Mrs. Flores that Defendant's records reflected that Mrs. Flores' debt was discharged.  Defendant's representative went on to state that Defendant was allowed to collect from her because its system showed that she still owed a balance.

31.     Defendant's attempts to collect its pre-petition claim and its denial of service have been extremely upsetting to Mr. and Mrs. Flores.  They feel they are being discriminated against because they filed bankruptcy and that Defendant is denying them their fresh start.

32.     The filing of bankruptcy demonstrates the financial vulnerability of Mr. and Mrs. Flores.

33.     Mr. and Mrs. Flores lack the resources necessary to police the conduct of Defendant and, hence, prevent the unique harm that has occurred.

34.     The collection practices and/or actions of Defendant, as stated above, has resulted in a substantial amount of undue frustration, anxiety and mental anguish or distress on the part of Mr. and Mrs. Flores, which is more than fleeting

and inconsequential, and which is substantiated by the facts of this case alone, but is also manifested in the following ways, but not necessarily limited to:

a.   Violation of the core bankruptcy rights and Constitutional rights.
b.   Anxiety.
c.   A sense of failure.
d.   A significant amount of stress.
e.   Harassment.
f.   A sense of embarrassment and discomfort that is greater than the general level of embarrassment and discomfort felt in filing bankruptcy or for the inability to pay a debt or bill.

## VIOLATION OF THE DISCHARGE INJUNCTION

35.   The allegations contained above under the heading *Facts and Background* are reasserted as if fully set forth herein for this cause of action.

36.   A discharge was granted to Mr. and Mrs. Flores pursuant to 11 U.S.C. § 727.

37.   11 U.S.C. § 524 provides for the avoidance, discharge and permanent injunction of the discharged claim, pre-petition claims as to personal liability of Mr. and Mrs. Flores.

38.   The discharge order issued by this Court is equivalent to a court order and injunction.

39.   11 U.S.C. § 105 provides this Court the authority to issue any order necessary to carry out the provisions of 11 U.S.C. § 524.

40.   As it pertains to this cause of action:

a.   11 U.S.C. § 101(12) defines "debt" as a liability on a claim, and "claim" is defined by § 101(5).

b.      11 U.S.C. § 102(2) defines "claim against the debtor".

c.      11 U.S.C. § 101(10) defines the term "creditor".

41.    The elements for establishing liability for a violation of the discharge injunction granted Mr. and Mrs. Flores are:

a.      The existence of the bankruptcy and/or discharge was known by the Defendant in that the existence of this bankruptcy or injunction was made aware to Defendant;

b.      The acts described on the part of Defendant were intentional, meaning what is relevant is not the intent to violate the discharge injunction, but rather the intent to commit the act that violated the discharge injunction; and,

c.      The acts violated 11 U.S.C. § 542.

42.    Defendant violated 11 U.S.C. § 542(a)(2), (3) for which no exception exists under 11 U.S.C. § 542(b) and there is no effective reaffirmation agreement in place pursuant to 11 U.S.C. § 542(c).

43.    No good faith exceptions exist for the violations.

44.    No present inability to comply with the discharge injunction beyond a mere allegation of inability existed on the part of Defendant.

**ENFORCING THE INJUNCTION(S) OR ORDER(S) OF THE COURT**

45.    The allegations contained above under the heading *Facts and Background* are reasserted as if fully set forth herein for this cause of action.

9

46.    It  may  be  necessary  for  this  Court  to  take  action  to  enforce  the injunctions, orders and Code and Rule provisions resulting from this bankruptcy. As necessitated, Mr. and Mrs. Flores would request this Court to:

a.    Find  Defendant  in  contempt  for  failing  to  abide  by  the  orders, injunctions, Bankruptcy Code or Rules pursuant to 11 U.S.C. § 105;

b.    Issue any declaratory judgment to determine the threshold questions of  law,  facts,  rights,  claims,  or  debts  of  all  parties  to  this  adversary proceeding, the violation(s) of Defendant, the jurisdiction of this Court and/or any actual controversy that may exist pursuant to 28 U.S.C. § 2201; and/or

c.    Issue any further or more specific injunctions to better define or curtail the acts or conduct of Defendant in the future pursuant to 11 U.S.C. § 105.

## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

47.    The allegations contained above under the heding *Facts and Background* are reasserted as if fully set forth herein for this cause of action.

48.    Mr. and Mrs. Flores are "consumers" as that term is defined by Texas Finance Code §392.001 (1).

49.    Defendant is a "debt collector" as that term is defined by Texas Finance Code §392.001 (6).

10

50.     Defendant violated the part of the Texas Debt Collection Act of Texas Finance Code §392.304 (8) which prohibits debt collectors from misrepresenting the legal status of any debt.

51.     Violations of Texas Finance Code § 392.001 et seq. entitle Mr. and Mrs. Flores to recover actual damages and attorney fees.

### DAMAGES

52.     The allegations contained above under the heading *Facts and Background* are reasserted as if fully set forth herein for this cause of action.

53.     The fresh start promised Mr. and Mrs. Flores would be hardly made whole simply by an order that repeats the law, rules and injunctions with which Defendant already did not comply.  This makes damages necessary.

54.     Each cause of action above allows or requires the award of damages.

### Personal Damages

55.     Mr. and Mrs. Flores seek an award of actual damages to cover the value of any loss, any out-of-pocket expenses or cost incurred, including the value of the personal time of Mr. and Mrs. Flores in having to deal with the conduct and actions of Defendant, and in having to participate in this adversary proceeding.

### Attorneys' Fees And Costs

56.     It was necessary to employ Charles (Chuck) Newton and his law firm, Charles Newton and Associates, to represent Mr. and Mrs. Flores in advising, preparing and participating in this adversary proceeding.   Mr. and Mrs. Flores request this Court to award to Chuck Newton and his law firm all attorneys' fees,

costs and expenses due and owing, and which will become due and owing expended as a result of this representation.

57.    Mr. Bivin, represents or represented Mr. and Mrs. Flores in the above-stated bankruptcy,  Mr. Bivin, and his firm, has been required to expend on behalf attorneys' fees and costs in regard to the specific matters stated above, as well as assisting Chuck Newton in his duties in this regard.   These duties should reasonably be outside of the firm's normal or typical duties in regard to representing Mr. and Mrs. Flores in this bankruptcy case.    Mr. and Mrs. Flores request this Court to award to Mr. Bivin, all attorneys' fees and costs expended, and which will be expended as a result of prosecuting this adversary proceeding to conclusion.

### Emotional Distress

58.    Damages for emotional distress are sought by Mr. and Mrs. Flores.

### Prejudgment Interest

59.    An award of prejudgment interest is being sought by Mr. and Mrs. Flores.

### Post judgment Interest

60.    An award of post judgment interest is being sought by Mr. and Mrs. Flores.

### Punitive Damages

61.    Punitive damages should be awarded to Mr. and Mrs. Flores.

WHEREFORE, PREMISES CONSIDERED, it is the prayer of Plaintiffs, Mr. and Mrs. Flores, that the Court will:

1.      Find that Defendant violated the provisions of the order of discharge issued by this bankruptcy;

2.      Find that the violation of the discharge order by Defendant was or  is "willful" /or intentional;

3.      Enforce the orders, rules and injunctions of this Court or the Bankruptcy Code or Rules as necessary including, but not limited to, a finding of contempt on the part of Defendant, the issuance of any declaratory judgment, and/or the issuance of any injunction;

4.      Find that Defendant violated the Texas Debt Collection Act;

5.      Award damages and attorneys fees for Defendant's violation of the Texas Debt Collection Act;

6.      Sanction or award against Defendant all actual damages for all financial and non-financial harm or injury incurred by Mr. and Mrs. Flores;

7.      Sanction or award against Defendant and to Mr. and Mrs. Flores, and for the benefit of Chuck Newton, all of the attorneys' fees, costs and expenses incurred with Chuck Newton, and the law firm of Charles Newton & Associates, in representing Mr. and Mrs. Flores in these matters;

8.      Sanction or award against Defendant and to Mr. and Mrs. Flores, and for the benefit of Mr. William W. Bivin, all of the attorneys' fees, costs and expenses incurred by the law firm in representing Mr. and Mrs. Flores in the matters particular to this adversary proceeding;

9.    Sanction or award against Defendant and to Mr. and Mrs. Flores emotional distress damages;

10.    Sanction or award against Defendant and to Mr. and Mrs. Flores punitive damages;

11.    Award pre-judgment interest;

12.    Award post-judgment interest; and

13.    Grant any and all other relief in equity or in law to which Mr. and Mrs. Flores may be entitled.

Respectfully submitted,

*/s/ Charles (Chuck) Newton*

_____

**CHARLES (CHUCK) NEWTON**
Texas Bar No. 14976250
**CHARLES NEWTON & ASSOCIATES**
190 N. Millport Circle
The Woodlands TX 77382
Phone (281) 681-1170, Ext. 3
Fax (281) 715-5755
Email chuck@chucknewton.net

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Complaint was served on the following parties, not otherwise served by summons, via electronic means, if possible, otherwise by the means stated below:

Ramiro Flores Jr.                          MAIL (First Class)
Rosalinda Bravo Flores                     FAX (No)
*Debtors / Plaintiffs*                     EMAIL (No)
4218 Anice Street
Houston TX 77039


William W. Bivin                           MAIL (No)
*Bankruptcy Atty. for Mr. and Mrs. Flores*  FAX (No)
1422 Stonehollow Suite A                   EMAIL wbivin@bivinlaw.com
Kingwood TX 77339-2495

Office of the United States Trustee        MAIL (First Class)
515 Rusk Avenue                            FAX (No)
Suite 3516                                 EMAIL (No)
Houston TX 77002

DATED: November 19, 2009

*/s/ Charles (Chuck) Newton*
_____
**CHARLES (CHUCK) NEWTON**